# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD THOMPSON, et al.,
    Plaintiffs,

vs.

MR. ERDOS, et al.,
    Defendants.

Case No. 1:16-cv-770

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff Gerald Thompson, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, initiated the instant *pro se* action by filing a complaint under 42 U.S.C. § 1983 on behalf of himself and several other SOCF inmates named as plaintiffs in the complaint. (*See* Doc. 1). On October 14, 2016, the undersigned issued an Order and Report and Recommendation recommending the dismissal of most of the named plaintiffs for lack of prosecution due to their failure to comply with a Deficiency Order that was filed on August 19, 2016. (*See* Doc. 11; *see also* Doc. 2). In addition, while acknowledging that plaintiff Thompson had complied with the Deficiency Order, the undersigned granted a thirty-day extension of time to the other two remaining plaintiffs—Huddleston and Smith—in which to comply with the Deficiency Order. (Doc. 11, at PAGEID#: 130-31). On November 2, 2016, the District Court adopted the recommendation to dismiss those plaintiffs who had failed to comply with the August 19, 2016 Deficiency Order and were not granted an extension of time in which to do so. (Doc. 13). This matter is now before the Court upon the expiration of the extended deadline date for Huddleston's and Smith's compliance with the Deficiency Order.

    As an initial matter, it is **RECOMMENDED** that Huddleston and Smith be dismissed as named plaintiffs. Like the other plaintiffs previously dismissed from this case (*see* Docs. 11,

13), Huddleston and Smith are subject to dismissal for lack of prosecution because they have not complied with the August 19, 2016 Deficiency Order even though they were granted an additional thirty days in which to do so.

At this juncture, only Gerald Thompson remains as a named plaintiff. By separate Order issued this date, he has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, before Thompson's cause of action may proceed, this Court must conduct a *sua sponte* review of his complaint (Doc. 1), as amended by another complaint that Thompson filed on September 12, 2016. (*See* Doc. 7).[1] Specifically, the Court must determine whether the complaint, as amended, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

---

[1] Plaintiff is allowed to amend his complaint once as a matter of course at this early stage in the proceedings. *See LaFountain v. Harry,* 716 F.3d 944 (6th Cir. 2013). Therefore, the additional allegations contained in the amended complaint filed on September 12, 2016 will be considered as part of the complaint subject to review at this screening stage.

2

law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

3

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff Thompson alleges in the original complaint that he is bringing a class action. (*See* Doc. 1, at PAGEID#: 1). Although plaintiff does not identify the defendants or their addresses in the substance of the complaint, he names the following state correctional officials and SOCF staff members as defendants in the caption of the complaint: "Mr. Erdos"; "Mr. William Cool"; "Ms. Cynthia Davis"; "Mr. Cadogan"; "Mr. Warren"; and "Mrs. Clagg." (*Id.*).

The complaint and supplemental amended complaint filed by Thompson are rambling and difficult to decipher. Construing the pleadings liberally, it appears that he is generally complaining about the conditions of his confinement at SOCF. Plaintiff claims that inmates are so "constantly retaliated against" for "seeking redress [of] their grievances" that they have to resort to "hunger strikes" to cease the retaliations. (*Id.*, at PAGEID#: 2). He also claims that inmates on hunger strikes are denied medical care. (*Id.*). Plaintiff states that inmates are "tortured [i]nto [a] learned helplessness syndrome" to the point that an inmate "tried to hang himself as he . . . was subjected to the prevalent pattern of practices that are clearly stated in" other complaints filed by plaintiff, which are currently pending before this Court in Case Nos.

4

1:14-cv-935, 1:15-cv-553 and 1:16-cv-812.[2] Plaintiff generally refers to those practices as "dog training" practices that are "dehumanizing" and "ritualistic." (*See id.*, at PAGEID#: 3). He also states that such practices include the use of excessive force with mace and "bold sexual/homosexual harassments" of inmates. (*See id.*, at PAGEID#: 4-6). Plaintiff specifically refers to an incident in which he was sprayed with mace during a Ramadan fast and an incident that occurred in July 2016 in which he was sexually assaulted by SOCF correctional officer "Tackett" and Tackett's "partner." (*Id.*, at PAGEID#: 4, 7-8). In the supplemental amended complaint, plaintiff brings additional allegations regarding an "emergency grievance" that he filed about the "current homosexual assault by C.O. Tackett and forced sexual act performed on his 3 porters and the current set up(s) for more homosexual favors [plaintiff] will have to perform just to survive." (*See* Doc. 7). Plaintiff also generally claims that he has been "unlawfully kept in 4B in retaliation by C. Davis" based on "false conduct reports" and that "C. Davis in retaliation is stopping []his transfer" to Toledo Correctional Institution with a reduction in his

---

[2] It appears from the docket record for Case No. 1:14-cv-935 that the matter is currently pending before the Court on a motion for summary judgment filed by the two remaining defendants, SOCF correctional officers Jason Henderson and Ryan Rush, who allegedly used excessive force against plaintiff in two unrelated incidents that occurred in September and December 2013. *See Gerald Thompson v. Ohio Dep't of Rehab. & Corr., et al.*, No. 1:14-cv-935 (S.D. Ohio) (Dlott, J.; Bowman, M.J.) (Doc. 69). Case No. 1:15-cv-553 has been allowed to proceed on the following claims: (1) a claim against two SOCF correctional officers based on their alleged use of excessive force against plaintiff in an incident that occurred in June 2015; (2) a claim against another SOCF correctional officer, a nurse, and two "John Doe" defendants based on their participation in an alleged excessive-force incident that occurred at SOCF in January 2015; and (3) a claim against defendants William Cool and Cynthia Davis for failing to protect plaintiff from known risks to his safety. *See Gerald Thompson v. Lt. Esham, et al.*, No. 1:15-cv-553 (S.D. Ohio) (Barrett, J.; Bowman, M.J.) (Docs. 7, 13, 37). In the complaint, plaintiff refers to his third action as Case No. "1:16-cv-767." However, a review of the Court's docket records reveals that plaintiff was not a party in that action. The undersigned, however, notes that plaintiff recently filed another complaint in Case No. 1:16-cv-812, which has been allowed to proceed on the following claims: (1) a claim against SOCF correctional officer Tackett based on allegations that Tackett forced plaintiff to perform sexual acts and used excessive force against plaintiff in an incident that occurred in June 2016; (2) an excessive-force claim against SOCF correctional officer Payne based on the allegation that Payne assaulted plaintiff with mace; (3) a failure-to-protect claim against defendants William Cool and Cynthia Davis based on their alleged failure to provide plaintiff with protective custody; and (4) claims against SOCF correctional officers Dillow and Sears based on allegations that Dillow deployed a large can of mace in plaintiff's face and Sears denied plaintiff a decontamination shower. *See Gerald Thompson v. Warden Erdos, et al.*, Case No. 1:16-cv-812 (S.D. Ohio) (Dlott, J.; Bowman, M.J.) (Doc. 11).

custody status to "4A." (*Id.*, at PAGEID#: 79-81).

As relief, plaintiff has requested his "immediate transfer" from SOCF to Toledo Correctional Institution, his "immediate placement into protective custody," and/or a reduction in his custody status to "4A"; medical care at "FMC"; and $250,000 in both compensatory and punitive damages "from any and all defendants in their official and individual capacities." (Doc. 1, at PAGEID#: 20-21; Doc. 7, at PAGEID#: 81-82).

Plaintiff's complaint, as amended, is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court.

First, to the extent that plaintiff seeks to bring a class action, he "lacks standing to assert the constitutional rights of other prisoners." *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (citing *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989)). Moreover, as a *pro se* litigant, he is not permitted to bring a class action lawsuit regarding prison conditions. *See, e.g., Gallant v. Holden*, No. 1:16cv383, 2016 WL 3742300, at *2 (S.D. Ohio Apr. 21, 2016) (Litkovitz, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2016 WL 3629259 (S.D. Ohio July 7, 2016) (Dlott, J.).

Second, although plaintiff has standing to assert alleged violations of his own constitutional rights, *see Newsom*, 888 F.2d at 381, he has not alleged any facts even remotely suggesting that any of the listed defendants deprived him of "a right secured by the United States Constitution or a federal statute," as required to state a viable claim under 42 U.S.C. § 1983. *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). The only specific allegations that plaintiff has made are that he was sprayed with mace on one occasion by an unidentified person and that he has been sexually assaulted by a correctional officer, Tackett, who is not named as a

6

defendant in this action.³ Indeed, Cynthia Davis is the only listed defendant who is mentioned by plaintiff in the substance of his complaints. Plaintiff generally avers in his amended complaint that Davis has retaliated against him by keeping him in a 4B custody classification and not allowing his transfer to the Toledo Correctional Institution. (*See* Doc. 7, at PAGEID#: 79-81). To state a viable claim of retaliation, however, plaintiff must allege facts showing that "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) that the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Here, plaintiff has alleged no facts to support his conclusory claim of retaliation by Davis. Even construing plaintiff's pleading liberally to contain the allegation that plaintiff has been engaged in protected conduct given his filing of numerous grievances and lawsuits, plaintiff has not alleged any facts showing a causal connection between that protected activity and Davis's failure to reduce his security classification or to allow his transfer from SOCF to Toledo Correctional Institution. In addition, to the extent that plaintiff disputes Davis's decisions regarding his security classification and continued confinement at SOCF, he has not stated a viable claim because he has no constitutional right to be placed in a particular prison or

---

³ It is noted that plaintiff has been allowed to proceed with a cause of action against correctional officer Tackett based on the allegations of sexual assault, which were asserted in the complaint filed by plaintiff in Case No. 1:16-cv-812. Therefore, even if plaintiff had named Tackett as a defendant in this action, such a claim would be subject to dismissal as duplicative of the claim that has been allowed to proceed in Case No. 1:16-cv-812. Moreover, to the extent that plaintiff complains about an incident in which mace was used against him, he may be raising another duplicative claim if such claim is based on any of the incidents that form the bases for plaintiff's excessive-force claims in Case Nos. 1:14-cv- 935, 1:15-cv-553 and 1:16-cv-812. *See supra* p. 5 n.2. Finally, it is noted the general allegations asserted by plaintiff in this case regarding dehumanizing "dog training" practices, as well as "learned helplessness," are duplicative to the extent that such allegations have been raised by plaintiff in the other actions that are currently pending before this Court. Indeed, many of the allegations contained in the pleadings filed in this case are also included in the complaint filed in Case No. 1:16-cv-812.

to be held in a specific security classification. *See, e.g., Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (2005); *Johnson v. Mohr,* No. 2:15cv86, 2015 WL 1526804, at *2 (S.D. Ohio Apr. 3, 2015) (Graham, J.); *Lawson v. Haddon*, No. 1:09cv551, 2009 WL 2242692, at *4 (W.D. Mich. July 16, 2009) (and cases cited therein); *see also McKune v. Lile,* 536 U.S. 24, 39 (2002) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976)) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Jimenez v. United States,* No. 2:07cv819, 2007 WL 3232469, at *1, *3 (S.D. Ohio Nov. 1, 2007) (and cases cited and quoted therein) (inmates do not "have any constitutionally protected interest in a particular housing assignment or transfer to a particular prison").

Finally, to the extent that plaintiff claims the listed defendants are liable in their supervisory capacity, either because of their involvement in the denial of administrative grievances or their failure to remedy the alleged unconstitutional behavior of correctional employees under their control, plaintiff has failed to state a cognizable claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794,

8

803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). In the absence of any allegations that the listed defendants directly participated in any of the alleged instances of specific misconduct against plaintiff, any claim against those defendants in their supervisory capacity for failing to investigate or take corrective action is simply insufficient to state to an actionable § 1983 claim. *Cf. Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

Accordingly, in sum, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the only remaining plaintiff, Gerald Thompson, has failed to state a claim upon which relief may be granted against any of the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs Huddleston and Smith be **DISMISSED** as parties in this action for lack of prosecution.

2. Plaintiff Gerald Thompson's complaint (Doc. 1), as amended (Doc. 7), be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and that

Thompson's remaining pending motions (Docs. 5, 6, 10) be **DENIED** as moot.

    3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/30/2016

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD THOMPSON, et al.,
    Plaintiffs,

vs.

MR. ERDOS, et al.,
    Defendants.

Case No. 1:16-cv-770

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc